IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FORT SANDERS SEVIER MEDICAL CENTER )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL O. LEAVITT, )<br>Secretary of Health & Humans Services )<br>200 Independence Ave., S.W. )<br>Washington, D.C. 20201 )<br>)<br>Defendant. ) | Civ. Action No. 1:06-0114 (JR) |

JOINT MOTION FOR STAY OF PROCEEDINGS

Plaintiff and Defendant respectfully move the Court for an order staying all proceedings in the above-captioned action pending final resolution of *Cookeville Regional Medical Center v. Leavitt*, D.D.C. No. 1:04-cv-01053 (JR), or in the alternative, until the *Cookeville* case is otherwise dismissed. In addition, the parties request that the briefing schedule be extended pending the Court's ruling on the Joint Motion To Stay.[1] The purpose of this joint motion is both to avoid conflicting decisions and to conserve the resources of the parties and the Court.

This Motion is brought pursuant to this Court's equitable powers and discretion. Pursuant to Local Rule 7(m), the parties have conferred regarding the substance of this Joint Motion. A proposed order is attached.

---

[1] If the Court grants the instant motion, it will be unnecessary for further briefing in this case at this time. If the Court denies the instant motion, Defendant will submit its reply within ten days of the Court's order.

1. This case arises under Title XVIII of the Social Security Act, 42 U.S.C. § 1395 et seq ("the Medicare statute"). Plaintiff seeks mandamus relief ordering the Defendant to reopen all of Plaintiff's cost reports that were the subject of NPRs issued in the three years prior to January 20, 2000, such that "waiver days" under Tennessee's section 1115 waiver program are included in the Medicare Disproportionate Share Hospital ("DSH") calculation. Plaintiff contends that such reopening is mandatory pursuant to 42 C.F.R. § 405.1885(b).

2. Plaintiff's response to Defendant's Motion to Dismiss was filed on September 6, 2006, and Defendant's reply to Plaintiff's response to Defendant's Motion to Dismiss is currently due on September 28, 2006.

3. The issues in this case are in many respects identical to those in another matter pending before this Court. In *Cookeville*, the Plaintiffs also asserted their right to have 1115 "waiver days" included in the Medicare DSH calculation for the same time period. On September 30, 2005, this Court issued an order granting summary judgment in favor of the plaintiff hospitals in *Cookeville*. The Court subsequently issued a Memorandum Order of October 28, 2005, and an Amended Clerk's Final Judgment was signed and entered on February 2, 2006. On February 13, 2006, the Defendant filed a Rule 59(e) motion to alter the judgment in *Cookeville* in light of recent legislative enactments addressing Medicare DSH payments. Prior to filing his motion to alter the judgment, the Defendant also filed a notice appealing the judgment in *Cookeville*. On March 9, 2006, the United States Court of Appeals for the District of Columbia Circuit issued an order holding the appeal in *Cookeville* in abeyance pending further order of the Court. On September 26, 2006, this Court issued a memorandum opinion

stating that the Court would grant Defendant's Rule 59(e) motion upon a remand from the United States Court of Appeals for the District of Columbia Circuit.

4.  The identical issues include, but are not limited to: (i) whether 1115 waiver days must be included in the DSH calculation in the absence of the DRA, (ii) whether the DRA applies to the cost report periods at issue, and (iii) if the DRA does apply to the cost report periods at issue, does it call for the inclusion or exclusion of the 1115 waiver days.

5.  The present action likely will be significantly impacted by a final ruling in *Cookeville*. The issues in the *Cookeville* case are nearly identical to those in the instant matter, and the parties believe that the relief requested in this Motion would promote efficiency and conserve party and judicial resources.

WHEREFORE, the parties ask that their joint motion be granted and that this matter be stayed pending a final non-appealable determination in the case of *Cookeville Regional Medical Center, et al. v. Leavitt*, Civil No. 04-1053 (JR) ("*Cookeville*"), or in the alternative, until the *Cookeville* case is otherwise dismissed.

Respectfully submitted,

 /s/
Jacqueline E. Bennett
Murray J. Klein
DC Bar #492415
Jacqueline E. Bennett
DC Bar #474355
REED SMITH LLP
1301 K Street, N.W.
Suite 1100 – East Tower
Washington, DC  20005
(202) 414-9200
(202) 414-9299 facsimile
JBennett@ReedSmith.com

           /s/
KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar No. 451058


           /s/
MEGAN L. ROSE
Assistant United States Attorney
NC Bar No. 28639
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530

(202) 514-7220/FAX: (202) 514-8780


DAVID HOSKINS
U.S. Dept. of Health and Human Services
Office of the General Counsel
Centers for Medicare & Medicaid
      Services Division
330 Independence Ave., S.W., Room 5309
Washington, D.C.  20201

Attorneys for Defendant,
Michael O. Leavitt,
Secretary of Health and Human Services

Dated: September 28, 2006